UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAMON P. STEPP, )
)
              Plaintiff, )
)
vs. )
) No. 1:13-cv-00683-TWP-MJD
REXNORD INDUSTRIES, INC., )
)
              Defendant. )

## ORDER ON MOTION TO EXCLUDE TESTIMONY

This matter is before the Court on Rexnord Industries, LLC's ("Defendant") Motion to Exclude Testimony for Witness's Failure to Appear. [Dkt. 53.] For the reasons set forth below, the Court hereby **DENIES** Defendant's motion.

### I. Background

On April 24, 2013, Damon Stepp ("Plaintiff") filed a complaint alleging that Defendant did not hire him for an assembly position because of his race. [Dkt. 1 at 2.] Plaintiff bases certain allegations on statements overheard by Ms. Amanda Bright, a current employee of Defendant, with whom Plaintiff is in a relationship. [Dkt. 61 at 2-3.] Because of these claims, Defendant sought to depose Ms. Bright regarding her personal knowledge of the allegedly discriminatory statements that had been made by Defendant's employees. [Dkt. 53 at 2-3.]

Defendant's first attempt to subpoena Ms. Bright for a deposition was made through a Federal Express overnight delivery, which included a check covering Ms. Bright's expenses. [Dkt. 71-1 at 2.] According to tracking information from Federal Express, the package was placed on the porch of Ms. Bright's home, as no signature was requested by the Defendant. [*Id.*

at 5.] Before this first scheduled deposition could take place, however, a scheduling conflict arose, and it became necessary to reschedule Ms. Bright's deposition. [Dkt. 53 at 3.]

Instead of delivering a second subpoena to Ms. Bright directly, defense counsel made arrangements through Mr. Jay Meisenhelder, Plaintiff's attorney at the time. [*Id.*] Because Mr. Meisenhelder had told defense counsel that he would be representing Ms. Bright at her deposition, Defendant sent the second subpoena (this time without a check) to Mr. Meisenhelder, who agreed to accept the subpoena on her behalf. [Dkt. 53-4 at 2.] Despite these representations, at no time did Mr. Meisenhelder file an appearance on behalf of Ms. Bright, nor did he ever speak with Ms. Bright directly. [Dkt. 61 at 4.] Rather, Mr. Meisenhelder emailed the second subpoena to Plaintiff with the admonition that "Ms. Bright is required to honor the subpoena." [Dkt. 75-16 at 1.] In response, however, Plaintiff informed Mr. Meisenhelder that Ms. Bright refused to discuss any matters related to the lawsuit with Plaintiff because she feared reprisal from her employer, and Plaintiff did not accept the subpoena on her behalf. [Dkt. 75-15 at 1.] Neither the Defendant nor Mr. Meisenhelder has presented evidence of any attempt to serve the second subpoena on Ms. Bright directly.

In the end, Ms. Bright did not attend her scheduled deposition. [Dkt. 53-8 at 3.] Because of her failure to appear, Defendant now moves to exclude Ms. Bright's testimony and for reimbursement of the costs and fees associated with the failed deposition. [Dkt. 53 at 1.] In response, Plaintiff and Ms. Bright assert that Ms. Bright never received either subpoena, that Defendant's failure to adequately serve Ms. Bright is cause to allow her testimony to be admitted, and that it is Mr. Meisenhelder, if anyone, who should be responsible for Defendant's expenses because he claimed to represent Ms. Bright when he in fact did not have an attorney-client relationship with her and had never spoken with her or even met her. [*See* Dkt. 61.]

## II. Legal Standard

When a party moves to exclude the testimony of a witness based on that witness's failure to appear, the court first examines whether sufficient steps were taken to summon the witness in the first place. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 308 (7th Cir. 2010). The process of serving a subpoena is governed by Federal Rule of Civil Procedure 45, which states in pertinent part that "[s]erving a subpoena requires **delivering a copy to the named person** and . . . **tendering the fees for 1 day's attendance** and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). The Seventh Circuit has recently joined the growing number of jurisdictions in ruling that personal service is not necessary for proper service under Rule 45 because certified mail through the United State Postal Service (USPS) is a "sensible option" that can help save costs in litigation. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012).

When delivery options other than USPS certified mail or personal service are used, however, courts within the Seventh Circuit must themselves determine if the method was a "sensible option" that satisfies the requirement of "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). In order to do so, courts have looked to other service provisions of the Federal Rules of Civil Procedure to determine what will suffice for service of a subpoena under Rule 45. *See, e.g., Ultradent Prods., Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, at *3 (S.D.N.Y. Sept. 24, 2002) (finding that service of a subpoena pursuant to Rule 45 was proper because it complied with the delivery procedures proscribed in Rule 4(h)); *Green v. Baca*, No. CV 02-204744MMMMANX, 2005 WL 283361, at *4 n.1 (C.D. Cal. Jan. 31, 2005) (finding that service of subpoenas pursuant to the delivery procedures under Rule 5(b) was sufficient service under Rule 45). However, even when other rules are used as a point of reference for interpretation, it is imperative that courts heed the more restrictive requirements of Rule 45, such

as simultaneous delivery of applicable fees. Fed. R. Civ. P. 45(b)(1); *see Doe v. Hersemann*, 155 F.R.D. 630, 631 (N.D. Ind. 1994).

## III. Discussion

Defendant argues that both subpoenas were properly served on Ms. Bright under Rule 45 and therefore her failure to appear for her deposition should preclude the Plaintiff from being able to use her testimony. [Dkt. 53 at 2, 4, 6.] In response, Plaintiff asserts that, because the subpoenas were not properly served under Rule 45,[1] the Court should deny Defendant's motion. [Dkt. 61 at 1.]

With regard to the first subpoena, the Rule 45 requirement of simultaneous delivery of witness's fees was met, so it is necessary to inquire as to whether the Defendant "deliver[ed] a copy [of the subpoena] to the named person." Fed. R. Civ. P. 45(b)(1). As neither USPS certified mail nor personal service were used as the method of delivery, the Seventh Circuit's ruling in *Ott* is not dispositive of the issue, and the Court will look elsewhere in the Federal Rules of Civil Procedure to determine whether the first subpoena's delivery was proper. Because Ms. Bright is a non-party individual witness in this matter, the general service provisions of Rule 5(b) are most helpful in examining whether the "delivering a copy to the named person" clause of Rule 45 was satisfied by Defendant's first subpoena. Specifically, Rule 5(b) outlines in relevant part:

> (2) Service in General. A paper is served under this rule by:
>     (A) **handing it** to the person;
>     (B) **leaving it:**

---

[1] If a party has an objection to a subpoena, Rule 45 provides, in part, that "[o]n timely motion, the court . . . must quash . . . a subpoena that . . . subjects a person to undue burden." Fed R. Civ. P. 45(d)(3)(A). However, the Seventh Circuit has stated that "Rule 45 does not obligate one to contest defective service by filing a motion to quash." *Barnhill v. United States*, 11 F.3d 1360, 1370 (7th Cir. 1993). Accordingly, Plaintiff's argument is proper and will be considered by the Court.

4

          (i) **at the person's office** with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
          (ii) if the person has no office or the office is closed, **at the person's dwelling** or usual place of abode **with someone of suitable age and discretion** who resides there;
    (C) **mailing it to the person's last known address** - in which event service is **complete upon mailing**;
    (D) leaving it with **the court clerk** if the person has no known address;
    (E) sending it by **electronic means** if the person **consented in writing**--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
    (F) delivering it by **any other means** that the person **consented to in writing**--in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. (5)(b) (emphasis added).

In this matter, subpart (A) does not apply because the first subpoena was not handed to Ms. Bright; subpart (B)(i) does not apply because the first subpoena was not left at Ms. Bright's office with Defendant; subpart (D) does not apply because the first subpoena was not left with the Clerk of the Court; and subparts (E) and (F) do not apply because Ms. Bright did not consent in writing to any other means of delivery. Each aforementioned subpart was, on its face, not satisfied and therefore can be eliminated as a possible method of proper delivery. Thus, the Court need only examine whether subpart (B)(ii), leaving the subpoena at the person's dwelling with someone of suitable age or discretion, or subpart (C), mailing the subpoena to the person's last known address, were met by Defendant' Federal Express delivery. Fed. R. Civ. P. 45(b)(2).

The Court first addresses whether the first subpoena was left at "the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 5(b)(2)(B)(ii). In the instant case, the Federal Express receipt demonstrates that the subpoena was delivered to Bright's home, meeting the requirement that the subpoena be left at "the person's dwelling." *Id.* However, the delivery method did not require a signature from the

recipient, and as a result the package was left unattended on the porch of the dwelling. [Dkt. 71-1 at 5.] Thus, the subpoena was not left "with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 5(b)(2)(B)(ii). Had there been a signature required, the Court may have been able to discern if the signing recipient was a resident of the home of suitable age and discretion to accept the subpoena, and service via Federal Express delivery may have been appropriate. *See W. Res., Inc. v. Union Pac. R.R.,* No. 00–2043–CM, 2002 WL 1822432, at *2 (D. Kan. July 23, 2002) (finding that the delivery of a subpoena using Federal Express when the recipient had signed a signature waver was appropriate service under Rule 45). However, in this matter the Federal Express package was left unattended on Ms. Bright's porch with no signature required for delivery, thus service did not comply with Rule 5(b)(2)(B)(ii).

The Court next addresses whether the first subpoena was "**mail[ed]** . . . to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Plaintiff argues that service was not valid because Bright never received the first subpoena. [Dkt. 72 at 2.] This argument is misguided, however, as the rule does not require actual receipt or even an acknowledgment of receipt from the party being served, as the requirements of subpart (C) are met "upon mailing," not upon receipt or confirmation. Fed. R. Civ. P. 5(b)(2)(C). Thus, the fact that Ms. Bright claims to not have received the delivery is irrelevant to a subpart (C) analysis, and the question of whether Defendant's Federal Express delivery qualifies as "mail" remains.

Several circuit courts, including the Seventh Circuit, have addressed the meaning of the word "mail" in the context of the Federal Rules of Civil Procedure. In each instance, the court has found that deliveries performed by private carriers, such as Federal Express, are not "mail" for the purpose of applying the procedural rules. *See Magnusen v. Video Yesteryear*, 85 F.3d

6

1424, 1431 (9th Cir. 1996) (holding that "Federal Express does not satisfy the requirements of Rule 5(b)," as "there is little doubt that 'mail' meant 'U.S. mail' in 1937, when Rule 5 was adopted"); *Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 409 (7th Cir. 1992) (finding that "Federal Express is not first class mail" in the context of Rule 4); *Prince v. Poulos*, 876 F.2d 30, 34 n.1 (5th Cir. 1989) ("Since Federal Express is not a public authority, they are not a form of 'mail'"). Thus, Defendant's use of Federal Express instead of USPS to deliver the first subpoena to Ms. Bright's home does not constitute "**mailing** it to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C) (emphasis added); *Magnusen*, 85 F.3d at 1431. Accordingly, the Federal Express delivery of Bright's first subpoena did not meet any of the general service provisions of Rule 5(b), the service failed to satisfy the "delivering a copy to the named person" clause of Rule 45(b). Because of this failure, service was improper, and the Court cannot grant Defendant's motion to exclude Ms. Bright's testimony on the basis of Defendant's first subpoena.

With regard to the second subpoena, Defendant argues that proper reliance was placed on Mr. Meisenhelder to deliver the subpoena to Ms. Bright because Mr. Meisenhelder claimed he would be representing Ms. Bright in the deposition. [Dkt. 53 at 3.] Regardless of whether such reliance was proper,[2] Rule 45 requires that the party serving the subpoena "deliver[] a copy to the named person and . . . tender[] the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Courts have interpreted this clause of Rule 45 to require simultaneous tendering of witness fees and estimated mileage expenses with the subpoena. *Komyatti v. Hull*, 3:91–CV–621RM, 1993 WL 778848, at *1 (N.D. Ind. July 9, 1993) (citing *CF & I Steel Corp. v. Matsui & Co.*, 713 F.2d 494, 496 (9th Cir.1983)). Here, Defendant's attorneys

---

[2] The Court declines to opine on Mr. Meisenhelder's actions, but recommends that he, in the future, might find it beneficial to refrain from representing to opposing counsel that he represents an individual with whom he has never spoken.

7

conceded in the hearing that the check from the first subpoena was never cashed, and no new check was issued to accompany the second subpoena. Accordingly, because the first subpoena, which included the check, was not properly served, no check was properly served and the simultaneous tendering requirement of Rule 45 was not met in Defendant's delivery of the second subpoena, and service was therefore improper.[3] Because neither subpoena was properly served, notice to Ms. Bright regarding her deposition was not proper, and the Court cannot grant Defendant's motion to exclude her testimony for failure to appear at such deposition. The Court assumes that Ms. Bright has been subsequently deposed, pursuant to the Court's order at the hearing on this motion. Defendant's request for reimbursement of the costs and fees associated with the failed deposition is likewise **DENIED**.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Exclude Testimony for Witness's Failure to Appear [Dkt. 53] is **DENIED**.

Date: 08/05/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DAMON P. STEPP
8659 Rockville Road
Indianapolis, IN 46234

Jay Meisenhelder
EMPLOYMENT AND CIVIL RIGHTS LEGAL SERVICES
jaym@ecrls.com

---

[3] On this basis alone, Defendant's motion fails. Therefore, the Court need not address the parties' remaining arguments.

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
christopher.murray@ogletreedeakins.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
michelle.maslowski@ogletreedeakins.com