UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON P. STEPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-00683-TWP-MJD |
| ) | |
| REXNORD INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Jay Meisenhelder, ) | |
| ) | |
| Intervenor. ) | |
| ) | |

**ORDER ON PLAINTIFF'S MOTIONS FOR FILING BELATED REQUESTS**

This matter comes before the Court on Plaintiff's Motions to Seek Leave from the Court for Filing Belated Requests. [Dkts. 63, 64 & 65.] For the reasons described below, the Court **DENIES** the Motions.

## I. Background

A brief review of the history of discovery in this matter is appropriate. Mr. Stepp was *pro* se when he initiated this action. [Dkt. 1.] An initial pretrial conference was conducted on August 15, 2013, during which conference Mr. Stepp was provided detailed information regarding the various discovery tools available to him in this matter. Thereafter, on August 23, 2013, the Court issued an agreed Scheduling Order, which provided that "[a]ll discovery must be completed by **February 29, 2014**. [Dkt. 21 at 2 (emphasis in original).]

On August 27, 2013, attorney Jay Meisenhelder entered an appearance on behalf of Mr. Stepp. [Dkt. 22.] Thereafter, on September 25, 2013, an agreed Case Management Plan was

1

entered by the Court, which provided that "non-expert witness discovery and discovery relating to liability issues shall be completed by **April 1, 2014**." [Dkt. 29 at 5-6 (emphasis in original).]

On March 18, 2014, Mr. Meisenhelder moved to withdraw as counsel for Mr. Stepp. [Dkt. 50.] The Court scheduled a hearing on the motion on March 27, 2014 and ordered Mr. Stepp to appear with Mr. Meisenhelder for that hearing. [Dkt. 51.] On March 21, 2014, Mr. Meisenhelder filed a proof of service on Mr. Stepp of the Court's order requiring Mr. Stepp's presence at the March 27, 2014 hearing on the motion to withdraw. [Dkt. 52.] Mr. Stepp failed to appear as ordered for the March 27, 2014 hearing and the motion of his counsel to withdraw was granted. [Dkt. 57.] During the March 27, 2014 hearing, Mr. Meisenhelder advised the Court on the record that he had provided Mr. Stepp with a complete copy of Mr. Meisenhelder's litigation file for this matter. [*See* Dkt. 58 at 2.] Plaintiff then resumed litigating this case *pro se*.

On May 2, 2014, well after the April 1 deadline for non-expert discovery, Plaintiff filed three motions seeking leave to file belated requests. [Dkts. 63, 64 & 65.] The first sought leave to serve requests for admission on Defendant Rexnord. [Dkt. 63.] The second sought leave to serve requests for production of documents on Defendant Rexnord. [Dkt. 64.] The third was not actually a motion to serve belated requests at all; instead, it sought leave to file a motion to quash the subpoena of non-party witness Amanda Bright. [Dkt. 65.]

## II.     Discussion

**A. Motions to Serve Requests on Rexnord**

Once a court enters a scheduling order, that "schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The good cause standard "primarily considers the diligence of the party" seeking the change. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The movant must show that the Court's

deadline could not have been met despite its diligence. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Plaintiff in this case provides no explanation at all for why his requests for admissions or requests for production of documents were not served before the close of non-expert discovery on April 1, 2014. [*See* Dkts. 63 & 64.] The Court approved the Case Management Plan on September 25, 2013, [Dkt. 25], and Plaintiff thereafter had six months to serve his proposed requests. Plaintiff was represented by counsel during this time, and through his counsel he engaged in extensive written discovery. [*See* Dkt. 77 at 4 (describing "hundreds of pages of documents" Rexnord produced for Plaintiff's counsel).] He briefly alleges that his counsel provided ineffective assistance, [Dkt. 63 at 1-2; Dkt. 64 at 1-2], but he provides no support for this allegation, and the volume of discovery counsel engaged in contradicts this claim. Plaintiff, in short, has provided no cause, let alone "good cause," for why his proposed discovery requests were not served before the April 1, 2014 deadline. The Court therefore **DENIES** Plaintiff's motions to serve these requests.

**B. Motion to Quash Subpoena**

Plaintiff's third motion to file a belated request was actually a motion to quash the subpoena of Amanda Bright. [Dkt. 65.] A court may quash a subpoena on a party's "timely" motion to do so. Fed. R. Civ. P. 45. The Federal Rules of Civil Procedure do not define "timely," but Plaintiff in this case waited more than two months until after the deposition was to take place to file his motion. [*See* Dkt. 53 at Exhibit H; Dkt. 65.] Whatever "timely" means, this is not it. *See Woodard v. Victory Records, Inc.*, No. 14 CV 1887, 2014 WL 2118799, at *4 (N.D. Ill. May 21, 2014) (citing cases that defined "timely" as being "made at or before the time of compliance"). Moreover, the Court has already addressed Ms. Bright's subpoena. Both parties

briefed the issues, [*see* Dkts. 53, 61, 71 & 72], and the Court addressed these arguments at a hearing on June 9, 2014. [Dkt. 93.] The argument Plaintiff wished to make in his motion to quash has thus already been considered, and the Court **DENIES** Plaintiff's motion.

### III. Conclusion

For the reasons stated above, Plaintiff's Motions to Seek Leave from the Court for Filing Belated Requests, [Dkts. 63, 64 & 65], are **DENIED**.

Date: 10/02/2014

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DAMON P. STEPP
8659 Rockville Road
Indianapolis, IN 46234

Jay Meisenhelder
EMPLOYMENT AND CIVIL RIGHTS LEGAL SERVICES
jaym@ecrls.com

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
christopher.murray@ogletreedeakins.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
michelle.maslowski@ogletreedeakins.com