UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON P. STEPP, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-00683-TWP-MJD |
| REXNORD INDUSTRIES, INC., | ) |
| Defendant. | ) |
| Jay Meisenhelder, | ) |
| Intervenor. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR REVERSAL OF PROTECTIVE ORDER**

This matter comes before the Court on Plaintiff's Motion Requesting Reversal of the Protective Order (Docket # 45) Filed February 21, 2014. [Dkt. 81.] For the reasons stated below, the Court **DENIES** the motion.

## I.  Background

Mr. Stepp was *pro* se when he initiated this action. [Dkt. 1.] An initial pretrial conference was conducted on August 15, 2013, during which conference Mr. Stepp was provided detailed information regarding the various discovery tools available to him in this matter. Thereafter, on August 23, 2013, the Court issued an agreed Scheduling Order, which provided that "[a]ll discovery must be completed by **February 29, 2014**. [Dkt. 21 at 2 (emphasis in original).]

On August 27, 2013, attorney Jay Meisenhelder entered an appearance on behalf of Mr. Stepp. [Dkt. 22.] Thereafter, on September 25, 2013, an agreed Case Management Plan was

entered by the Court, which provided that "non-expert witness discovery and discovery relating to liability issues shall be completed by **April 1, 2014**." [Dkt. 29 at 5-6 (emphasis in original).]

On February 21, 2014, the parties submitted a Joint Agreed Protective Order, [Dkt. 45], which the Court later approved. [Dkt. 49.] The order allowed either party to designate as confidential material such as non-public business records and personnel files. [Dkt. 45 at 4.] Each party retained the right to object to a designation of confidential material, and the order did not prohibit the parties from using confidential material at trial. [*Id.* 5-6.]

On March 18, 2014, Mr. Meisenhelder moved to withdraw as counsel for Mr. Stepp. [Dkt. 50.] The Court scheduled a hearing on the motion on March 27, 2014 and ordered Mr. Stepp to appear with Mr. Meisenhelder for that hearing. [Dkt. 51.] On March 21, 2014, Mr. Meisenhelder filed a proof of service on Mr. Stepp of the Court's order requiring Mr. Stepp's presence at the March 27, 2014 hearing on the motion to withdraw. [Dkt. 52.] Mr. Stepp failed to appear as ordered for the March 27, 2014 hearing and the motion of his counsel to withdraw was granted. [Dkt. 57.] During the March 27, 2014 hearing, Mr. Meisenhelder advised the Court on the record that he had provided Mr. Stepp with a complete copy of Mr. Meisenhelder's litigation file for this matter. [*See* Dkt. 58 at 2.] Plaintiff then resumed litigating this case *pro se*.

On May 23, 2014, Plaintiff filed his current motion for "reversal of the protective order." [Dkt. 81.] Plaintiff alleges that his former counsel "materially prejudiced" his ability to "make reasonable discovery requests" by agreeing to the protective order. [*Id.* at 1.]

## II.     Discussion

The Court construes Plaintiff's motion as a request for reconsideration of the Court's protective order. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v.*

2

*CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Such motions are appropriate when the Court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiff's motion does not meet the standard for reconsideration. The Court approved the protective order at the joint request of both parties, and thus did not exceed the scope of the adversarial process or misapprehend the parties' arguments. [*See* Dkt. 49.] To the extent that Plaintiff alleges prejudice as a result of the protective order, his argument is baseless: nothing in the order prohibits the parties from pursuing appropriate discovery measures [*see id.* at 2]; if Plaintiff faces difficulty in conducting discovery at this time, it is only because the April 1, 2014 deadline for discovery has passed. The request for reconsideration is therefore **DENIED**.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion Requesting Reversal of the Protective Order (Docket # 45) Filed February 21, 2014. [Dkt. 81.]

Date: 10/02/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DAMON P. STEPP
8659 Rockville Road
Indianapolis, IN 46234

Jay Meisenhelder
EMPLOYMENT AND CIVIL RIGHTS LEGAL SERVICES
jaym@ecrls.com

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
christopher.murray@ogletreedeakins.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
michelle.maslowski@ogletreedeakins.com