UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAMON P. STEPP, )
)
         Plaintiff, )
)
     vs. ) No. 1:13-cv-00683-TWP-MJD
)
REXNORD INDUSTRIES, INC., )
)
         Defendant. )
_____ )
)
Jay Meisenhelder, )
)
         Intervenor. )
)

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This matter comes before the Court on Plaintiff's Motion to Compel Defendant to Submit Application Data. [Dkt. 85.] For the reasons stated below, the Court **DENIES** Plaintiff's motion.

### I. Background

Mr. Stepp was *pro* se when he initiated this action. [Dkt. 1.] An initial pretrial conference was conducted on August 15, 2013, during which Mr. Stepp received detailed information regarding the various discovery tools available to him. On August 23, 2013, the Court issued an agreed Scheduling Order, which provided that "[a]ll discovery must be completed by **February 29, 2014**. [Dkt. 21 at 2 (emphasis in original).]

On August 27, 2013, attorney Jay Meisenhelder entered an appearance on behalf of Mr. Stepp. [Dkt. 22.] Thereafter, on September 25, 2013, an agreed Case Management Plan was entered by the Court, which provided that "non-expert witness discovery and discovery relating to liability issues shall be completed by **April 1, 2014**." [Dkt. 29 at 5-6 (emphasis in original).]

1

On March 18, 2014, Mr. Meisenhelder moved to withdraw as counsel for Mr. Stepp. [Dkt. 50.] The Court granted the motion, [Dkt. 57], and Plaintiff resumed litigating this case *pro se*.

On June 4, Plaintiff filed the current Motion to Compel Defendant to Submit Application Data. [Dkt. 85.] He sought to compel Defendant to produce electronic employee hiring data for 2010, 2011 and 2012 [*Id.* at 2.]

## II. Discussion

As described above, non-expert discovery in this case closed on April, 1, 2014. Plaintiff's motion is therefore untimely, and he must show "good cause" for disregarding the Court's schedule. Fed. R. Civ. P. 16. Plaintiff has not done so: His motion contains no explanation for why he waited until after the discovery deadline to request the hiring data, [Dkt 85 at 1-2], and he therefore has not presented any cause—let alone "good cause"—for his delay.

Moreover, Plaintiff has 1) filed his motion to compel without first attempting to serve on Defendants a request for the data; and 2) filed his motion to compel without Rule 37's required certification that he met with Defendant and tried to resolve the dispute. Fed. R. Civ. P. 37(a). This alone is enough to deny Defendant's motion. *See Remy Inc. v. Tecnomatic, S.P.A.*, No. 1:11-cv-00991-SEB-MJD, 2013 WL 619894, at *3 (S.D. Ind. Feb. 19, 2013).

## III. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Compel Defendant to Submit Application Data. [Dkt. 85.]

Date: 10/02/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

2

Distribution:

DAMON P. STEPP
8659 Rockville Road
Indianapolis, IN 46234

Jay Meisenhelder
EMPLOYMENT AND CIVIL RIGHTS LEGAL SERVICES
jaym@ecrls.com

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
christopher.murray@ogletreedeakins.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
michelle.maslowski@ogletreedeakins.com