UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON P. STEPP, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-00683-TWP-MJD |
| REXNORD INDUSTRIES, INC., | ) |
| Defendant. | ) |
| Jay Meisenhelder, | ) |
| Intervenor. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL MASTER**

This matter comes before the Court on Plaintiff's Motion for Appointment of a Special Master. [Dkt. 87.] For the reasons described below, the Court **DENIES** the motion.

**I.     Background**

Mr. Stepp was *pro* se when he initiated this action. [Dkt. 1.] An initial pretrial conference was conducted on August 15, 2013, during which Mr. Stepp was provided detailed information regarding the various discovery tools available to him in this matter. On August 23, 2013, the Court issued an agreed Scheduling Order, which provided that "[a]ll discovery must be completed by **February 29, 2014**. [Dkt. 21 at 2 (emphasis in original).]

On August 27, 2013, attorney Jay Meisenhelder entered an appearance on behalf of Mr. Stepp. [Dkt. 22.] Thereafter, on September 25, 2013, an agreed Case Management Plan was entered by the Court, which provided that "non-expert witness discovery and discovery relating to liability issues shall be completed by **April 1, 2014**." [Dkt. 29 at 5-6 (emphasis in original).]

1

On March 18, 2014, Mr. Meisenhelder moved to withdraw as counsel for Mr. Stepp. [Dkt. 50.] The Court granted the motion, [Dkt. 57.], and Plaintiff resumed litigating this case *pro se*.

On June 4, 2014, Plaintiff filed the current Motion for Appointment of a Special Master. [Dkt. 87.] He asks the Court to appoint a special master for "discovery disputes related to employee data collection." [*Id.*]

## II. Discussion

A court may appoint a special master if there is some "exceptional condition" or if matters "cannot be effectively and timely" addressed by an available judge. Fed. R. Civ. P. 53(a). The Seventh Circuit acknowledges that the "appointment of a special master is the exception and not the rule" and that "there must be a showing that some exceptional condition requires such an appointment." *Williams v. Lane*, 851 F.2d 867, 884 (7th Cir. 1988).

Plaintiff has made no showing of "exceptional circumstances" in this case. His motion contains no explanation whatsoever as to why the Court cannot address any discovery issues without the appointment of a special master. [Dkt. at 87.] Non-expert discovery has already closed, [Dkt. 29 at 5-6], and there is thus no need for a special master to oversee Plaintiff's purported "discovery dispute." The Court therefore **DENIES** Plaintiff's motion.

## III. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Appointment of a Special Master [Dkt. 87].

Date: 10/02/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DAMON P. STEPP
8659 Rockville Road
Indianapolis, IN 46234

Jay Meisenhelder
EMPLOYMENT AND CIVIL RIGHTS LEGAL SERVICES
jaym@ecrls.com

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
christopher.murray@ogletreedeakins.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
michelle.maslowski@ogletreedeakins.com