UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON P. STEPP, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-00683-TWP-MJD |
| REXNORD INDUSTRIES, INC., | ) |
| Defendant. | ) |
| Jay Meisenhelder, | ) |
| Intervenor. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR RE-OPENING OF DISCOVERY**

This matter comes before the Court on Plaintiff's Motion for Re-Opening of Discovery. [Dkt. 88.] For the reasons stated below, the Court **DENIES** Plaintiff's motion.

## I. Background

Mr. Stepp was *pro* se when he initiated this action. [Dkt. 1.] An initial pretrial conference was conducted on August 15, 2013, during which Mr. Stepp received detailed information regarding the various discovery tools available to him. On August 23, 2013, the Court issued an agreed Scheduling Order, which provided that "[a]ll discovery must be completed by **February 29, 2014**. [Dkt. 21 at 2 (emphasis in original).]

On August 27, 2013, attorney Jay Meisenhelder entered an appearance on behalf of Mr. Stepp. [Dkt. 22.] Thereafter, on September 25, 2013, an agreed Case Management Plan was entered by the Court, which provided that "non-expert witness discovery and discovery relating

1

to liability issues shall be completed by **April 1, 2014**." [Dkt. 29 at 5-6 (emphasis in original).] On March 18, 2014, Mr. Meisenhelder moved to withdraw as counsel for Mr. Stepp. [Dkt. 50.] The Court granted the motion, [Dkt. 57], and Plaintiff resumed litigating this case *pro se*.

On June 4, 2014, Plaintiff filed the current Motion for Re-Opening of Discovery. [Dkt. 88.] He asks the Court to re-open discovery so that he can serve requests for admission and requests for production of documents on Defendant Rexnord. [*Id.*]

## II. Discussion

Once a court enters a scheduling order, that "schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The good cause standard "primarily considers the diligence of the party" seeking the change. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The movant must show that the Court's deadline could not have been met despite its diligence. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Because the Court has already entered discovery deadlines in this case, [*see* Dkt. 29 at 5-6], Plaintiff must show "good cause" for altering the Court's schedule. Plaintiff has not done so: His motion contains nothing but a conclusory allegation that "good cause" is "shown by misconduct of Defendant and Plaintiff's former counsel." [Dkt. 88 at 2.] Plaintiff offers no evidence to support this contention of misconduct and does not explain how any misconduct interfered with service of his proposed requests for admission and requests for production of documents. [*See id.*] Because Plaintiff has provided no explanation for why the requests could not be served before the original deadline for discovery, the Court **DENIES** his motion.

2

### III. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Re-Opening of Discovery. [Dkt. 88.]

Date: 10/02/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DAMON P. STEPP
8659 Rockville Road
Indianapolis, IN 46234

Jay Meisenhelder
EMPLOYMENT AND CIVIL RIGHTS LEGAL SERVICES
jaym@ecrls.com

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
christopher.murray@ogletreedeakins.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
michelle.maslowski@ogletreedeakins.com