UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON P. STEPP, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-00683-TWP-MJD |
| REXNORD INDUSTRIES, INC., | ) |
| Defendant. | ) |
| Jay Meisenhelder, | ) |
| Intervenor. | ) |

**ORDER ON PLAINTIFF'S MOTIONS FOR SANCTIONS**

This matter comes before the Court on Plaintiff's Motion Requesting the Court to Use Its Inherent Power to Enforce Sanctions Against the Defendant and Its Counsel for Violation(s) of Federal Rules of Civil Procedure, Rule(s) 37, 26, and 16, [Dkt. 103 ("First Motion")], and Plaintiff's Second Motion Requesting Sanctions Against the Defendant for Discovery Misconduct and Federal Rule Violations (Rules 37 & 26) [Dkt. 125 ("Second Motion")] For the reasons stated below, the Court **DENIES** Plaintiff's motions.

## I.   Background

Damon Stepp ("Plaintiff") applied to Rexnord Industries ("Defendant") for various positions over the course of several years. [Dkt. 116 at 6.] On September 7, 2011, he applied for one of five openings in Defendant's Department 104 Assembly area. [*Id.*] Defendant did not hire Plaintiff, and Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") claim

1

based on this decision. [Dkt. 1 at 2.] The EEOC denied the claim, [*id.* at 7], and Plaintiff filed the current lawsuit, alleging a violation of Title VII of the Civil Rights Act of 1964. [*Id.* at 2.]

On July 7, 2014, Plaintiff filed his First Motion, [Dkt. 103], asking the Court to sanction Defendant for violations of Rule 37, 26 and 16 of the Federal Rules of Civil Procedure. [*Id.* at 1.] Plaintiff claims that authenticated spreadsheets that Defendant submitted to the Equal Employment Opportunity Commission were "manipulated and false." [*Id.* at 2.] On August 15, 2014, Plaintiff filed his Second Motion, [Dkt. 125], again asking the Court to sanction Defendant for violating Rule 37 and Rule 26. [*Id.* at 1.] In the interim, Defendant moved for summary judgment. [Dkt. at 107.]

## II. Summary of Arguments

Plaintiff's First Motion argues that Defendant violated Rule 26(g) by signing documents certifying that the information Defendant provided to the EEOC was truthful. [Dkt. 103 at 2.] He claims the spreadsheets that Defendant sent to the EEOC falsely indicated that several employees had *not* been hired, when in fact Defendant *had* hired them. [*Id.* at 3.] He identifies these individuals as "Jacob Barron, Martin M., Earl M., Joe S., and Mark Taylor." [*Id.* at 6.] Plaintiff then alleges violations of Rule 26(e) for Defendant's purported failure to correct these omissions, [*id.* at 5], and invokes the Court's "inherent power" under Rule 37 to issue sanctions. [*Id.* at 3.]

In his Second Motion, Plaintiff again alleges that Defendant has misrepresented its hiring data. [Dkt. 125 at 2.] He claims Defendant originally reported to the EEOC that it had hired Abigail Bell, Rhonda Dickerson, Kenneth Hankins, Dawn Herringer and Frank Kartoska to fill the five positions for which Stepp applied. [*Id.* at 8.] He then claims that Defendant later asserted during this litigation that Abigail Bell, Paula Collins, Kenneth Mark Hankins, Frank Kartoska

2

and *DeWayne Thomas* were hired for the five positions. [*Id.* at 9.] Because DeWayne Thomas—like Plaintiff—is African-American, Plaintiff alleges that Defendant has falsified the information it submitted during this litigation to show that it hired a member of Plaintiff's protected class, thereby foreclosing Plaintiff's claim of discrimination. [*Id.*]

Defendant responds to Plaintiff's First Motion by arguing that Plaintiff never identified any discovery responses that were inaccurate, [Dkt. 116 at 6], and that Defendant did not even create the allegedly false spreadsheets Plaintiff claims were submitted to the EEOC. [Dkt. 116 at 10.] Defendant responds to Plaintiff's Second Motion by claiming that it never misrepresented the individuals who were hired to fill the positions for which Plaintiff applied. [Dkt. 131 at 4.]

### III. Discussion

A "court's inherent power and Rule 37 supply it with broad authority to sanction parties who abuse the discovery process." *Houston v. C.G. Sec. Servs., Inc.*, No. 1:12-CV-0328-WTL-DML, 2014 WL 4636430, at *13 (S.D. Ind. Sept. 16, 2014). Such sanctions are "appropriate where a party displays willfulness, bad faith, or fault in violating his discovery obligations," but any sanction "must be proportional to the abusive conduct." *Id.*

Plaintiff's first argument is that Defendant violated Rule 26 and Rule 37 by certifying that allegedly false information Defendant provided to the EEOC was truthful. [Dkt. 103 at 2-6.] This argument lacks merit. Plaintiff relies on the purportedly "manipulated and false" spreadsheets Defendant submitted to the EEOC, [*id.* at 3], but as Defendant explains, it did not create these spreadsheets. [Dkt. 116 at 9.] The (allegedly false) spreadsheets Plaintiff attached to his First Motion contain 13 columns of information, including columns such as job applicants' conviction status. [Dkt. 103 at Exhibit A.] The spreadsheets that Defendant actually submitted to the EEOC were entirely different and lacked such information. [Dkt. 116 at 40-45.] The

3

spreadsheets in Plaintiff's motion are instead work product created by EEOC investigators. [Dkt. 116 at 9, 29.] To the extent that the spreadsheets contain any inaccuracies, they are not the result of Defendant's conduct, and the spreadsheets therefore do not establish bad faith or abuse of the discovery process on Defendant's part.

In addition, the alleged inaccuracy is no inaccuracy at all. Plaintiff claims that the spreadsheets show that Rexnord did *not* hire certain individuals when in fact Rexnord *did* hire the individuals. [Dkt. 103 at 6.] The spreadsheets on which Plaintiff relies, however, indicate only whether an applicant was hired for an "assembler" position such as the one for which Plaintiff applied. [Dkt. 103 at Exhibit A] That Rexnord may have later hired the applicant for a different position with the company is not inconsistent with the spreadsheet. Thus, even if the individuals are now employees of Rexnord, the spreadsheet Plaintiff cites does not conflict with this claim, and the spreadsheet provides no basis for his contention that Rexnord falsified data.

Plaintiff next argues that Defendant has falsified its submissions to this Court by stating that it hired DeWayne Thomas to fill one of the five positions for which Plaintiff applied, despite earlier representations to the EEOC that it did not hire Thomas. [Dkt. 125 at 2.] This claim is baseless. With its motion for summary judgment, Defendant submitted a declaration by its employee, Judy Heller. [Dkt. 128 at Exhibit 3.] Heller declared that she worked on Defendant's response to Plaintiff's EEOC complaint, and that Defendant included DeWayne Thomas in the list of hired applicants submitted to the EEOC. [*Id.*] Heller also responded to Plaintiff's allegations and specifically denied any knowledge that Defendant had omitted Thomas from the list of hired applicants given to the EEOC. [*Id.*] As support for Ms. Heller's declaration, Defendant included a copy of its position statement to the EEOC, which included the hiring of DeWayne Thomas. [*Id.*]

The facts thus contradict Plaintiff's claims of misrepresentation. If Plaintiff wishes to challenge the facts in Heller's declaration, the proper vehicle is not a motion for sanctions. *See Caldwell-Gadson v. Thomson Multimedia, S.A.*, No. IP 99-1734-C-T/G, 2001 WL 1388052, at *11 (S.D. Ind. Sept. 18, 2001). Without controverting these facts, nothing establishes any bad faith, falsity, or abuse of the discovery process on Defendant's part, and the Court sees no basis for sanctioning Defendant. Plaintiff's motions are therefore **DENIED**.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion Requesting the Court to Use Its Inherent Power to Enforce Sanctions Against the Defendant and Its Counsel for Violation(s) of Federal Rules of Civil Procedure, Rule(s) 37, 26, and 16, [Dkt. 103], and Plaintiff's Second Motion Requesting Sanctions Against the Defendant for Discovery Misconduct and Federal Rule Violations (Rules 37 & 26). [Dkt. 125.]

Date: 10/02/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DAMON P. STEPP
8659 Rockville Road
Indianapolis, IN 46234

Jay Meisenhelder
EMPLOYMENT AND CIVIL RIGHTS LEGAL SERVICES
jaym@ecrls.com

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Christopher C. Murray
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
christopher.murray@ogletreedeakins.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
michelle.maslowski@ogletreedeakins.com